IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIV. NO. 17-00249 DKW-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING IN FORMA |
| | ) | PAUPERIS APPLICATION AND |
| vs. | ) | DISMISSING ACTION PURSUANT |
| | ) | TO 28 U.S.C. § 1915(g) |
| NOLAN UEHARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint and Application to Proceed In Forma Pauperis ("IFP"). Tia alleges that Defendants, state employees, inmates, and family members, conspired to violate his civil rights by issuing a misconduct report to him and allegedly interfering with his mail and grievances. He broadly alleges this constitutes, "Kidnapping, Murder, [and] extortion" under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. *See* Compl., ECF No. 1. Tia's IFP Application is DENIED, and this action is DISMISSED without prejudice.

# I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.

*See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

## II. APPLICATION

Tia has accrued three "strikes" under § 1915(g),[1] has been notified of these strikes, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit.

Tia alleges no facts showing that he was in imminent danger of serious physical injury when he commenced this action, from Defendants or others. The gravamen of his Complaint is that Defendant Nolan Uehara issued him a misconduct report on May 15, 2017, and later presided over the Adjustment Committee hearing on the matter. Tia attempts to tie this to past cases that he has filed, other prisoners, and grievances he has submitted against other prison employees and officials. Although Tia broadly refers to "Kidnapping" and "Murder," he alleges no coherent facts regarding these references. Tia fails to assert a plausible allegation that he was in imminent danger of serious physical

---

[1] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

injury when he commenced this case.  He may not proceed in forma pauperis in this action.

### III.  CONCLUSION

Tia's Application to Proceed In Forma Pauperis is DENIED, and this action is DISMISSED without prejudice.  Tia may refile these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: May 31, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Peter R. Tia v. Nolan Uehara, et al.*; Civil No. 17-00249 DKW RLP; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

*Tia v. Uehara, et al.,* 1:17-cv-00249 DKW-KSC; 3 Stks 2017/Tia 17-249 dkw (no im. dgr conspiracy disc. hrg, murder, mail, griev)

4